RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/28/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CLEAMAN STROTHER**<br>**LA. DOC. #318030** | DOCKET NO. 11-CV-73; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **WARDEN BOOTY, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Pro se Plaintiff Cleaman Strother filed the instant civil rights complaint [42 U.S.C. §1983] in the Middle District of Louisiana on January 6, 2011. The case was transferred to this district on January 13, 2011. Plaintiff was granted leave to proceed *in forma pauperis* on January 24, 2011. [Doc. #6] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is presently incarcerated at the United States Penitentiary at Angola, Louisiana. Petitioner names twenty-six individuals as defendants and complains that officers failed to protect him from harm inflicted by another inmate when he was a pretrial detainee housed at Avoyelles Parish Marksville Detention Center in Marksville, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Facts Alleged

Plaintiff alleges that while he was a pretrial detainee at the Marksville Detention Center, he was housed with convicted prisoners

and attacked by one of those convicts, resulting in serious and permanent injury.

### *Applicable Law and Instructions to Amend*

**A.  Federal Rule of Civil Procedure - Rule 8**

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts that support the conclusion that his constitutional rights were violated by each person** who is named as defendant. This conclusion must be supported by specific factual allegations - not legal conclusions - stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3) the place and <u>date(s)</u> that each event occurred; and

(4) a description of the alleged injury sustained as a result of each alleged violation.

**Plaintiff has not stated what each defendant did to violate his constitutional rights or provided the dates on which the alleged violations occurred. Plaintiff should amend his complaint accordingly.**

**B.  Deliberate Indifference**

Plaintiff should also state how each defendant acted with deliberate indifference. To find that an official is deliberately

2

indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety. See Cantu v. Jones, 293 F.3d 839, 844 (5th Cir.2002), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff should amend his complaint to state how each named defendant acted with deliberate indifference.

### *Conclusion*

Before this court determines the proper disposition of the claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint, as specified herein. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly, IT IS ORDERED that Plaintiff amend his complaint within thirty (30) days of the filing of this order to provide the specific information outlined above, and alternatively, dismiss those claims Plaintiff is unable to cure through amendment.**

**Failure to comply with this order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 28th day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE