RECEIVED
IN ALEXANDRIA, LA.
JUN 15 2011
TONY R. MOORE, CLERK
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**CLEAMAN STROTHER**            DOCKET NO. 11-CV-73; SEC. P
    LA. DOC. #318030

**VERSUS**            JUDGE DEE D. DRELL

**WARDEN BOOTY, ET AL.**            MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Cleaman Strother filed the instant civil rights complaint [42 U.S.C. §1983] in the Middle District of Louisiana on January 6, 2011. The case was transferred to this district on January 13, 2011. Plaintiff was granted leave to proceed *in forma pauperis* on January 24, 2011. [Doc. #6] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is presently incarcerated at the United States Penitentiary at Angola, Louisiana. Petitioner names twenty-six individuals as defendants and complains that officers failed to protect him from harm inflicted by another inmate when he was a pretrial detainee housed at Avoyelles Marksville Detention Center in Marksville, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Facts Alleged

Plaintiff alleges that while he was a pretrial detainee at the Marksville Detention Center, he was housed with convicted prisoners

and attacked by one of those inmates, resulting in serious and permanent injury.

In a supplemental and amending complaint, Plaintiff stated that in 2009, while he was a pre-trial detainee on lockdown, a pack of cigarettes was stolen from him and he was placed in "the hole" for one day. While in "lockdown," he was attacked by another inmate, Reginald Levy. [Doc. #9, p.3] Sgt. Mohamad pulled Plaintiff out of lockdown and placed him by the front desk while Lt. Travis Lacomb conducted an investigation into the altercation. The lieutenant concluded that either Plaintiff struck Levy first and/or that Plaintiff provoked the incident. [Doc. #9, p.5]

Plaintiff states that he was bleeding profusely from his nasal cavity and the back of his head and he had to wait almost fifteen minutes for a nurse to arrive. The nurse performed a "basic clean-up" of his wounds and wrapped a bandage around his head (Plaintiff states this shows medical deliberate indifference). [Doc. #9, p.5] Plaintiff waited twenty minutes to be transported to a hospital in Pineville, Louisiana. Then, he had to wait fifteen minutes at the hospital to be examined. [Doc. #9, p.5] He underwent a CT scan and x-ray and received a staple on the back of his head. [Doc. #9, p.6] He suffered permanent eye injuries. [Doc. #9, p.6]

When Plaintiff arrived back at the jail, Lt. Travis Lacomb ordered that he be placed in "the hole", but the nurse "overruled" him and put Plaintiff in "sick bay." [Doc. #9, p.7] Plaintiff's

lawyer, Timothy Shumate, arrived for a client visit and took pictures of Plaintiff. Plaintiff stayed in "sick bay" for two weeks; then Nurse Verna informed Sgt. Floyd Cravy that Plaintiff was healed, and he should take Plaintiff back to general population. [Doc. #9, p.8] Plaintiff objected and he refused to leave "sick bay." He was written up for a rule violation and placed "in the hole" for nine days. [Doc. #9, p.8]

Plaintiff made a request to Warden Booty, Asst. Warden Peter Lofton, Capt. Eric Silas, Lt. Dan Moreau, Lt. Spinner, Capt. Nurse Steve to move him back to the "sick bay." Plaintiff states that he was served cold meals in "the hole" instead of hot meals like other inmates. He claims that he was denied running water to clean his head/eye injuries during those nine days. [Doc. #9, p.10]

### Law & Analysis

**1. Prisoner Classification**

Plaintiff complains that he was housed with or near a convicted inmate while he was a pretrail detainee and, construed broadly, that he was attacked by that inmate as a result of his allegedly improper placement or classification within the jail. As a pretrial detainee, Plaintiff's constitutional claims arise under the Due Process Clause of the Fourteenth Amendment, which — like the Eighth Amendment — places a duty on the State to protect against harm to persons in its confinement. See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996)(en banc). In a case

alleging an "episodic act or omission", the plaintiff must show that the official acted with deliberative indifference to the detainee's rights. Id. at 636 (citing Farmer v. Brennan, 511 U.S. 825 (1994)). Deliberate indifference requires a showing of "subjective recklessness as used in the criminal law," meaning that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 839-41. Petitioner has not alleged facts of deliberate indifference by any defendant that placed, or ordered him placed, in "lockdown."

The Fifth Circuit has recognized that the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but *only* if their classification together is handled indiscriminately without justification. Pembroke v. Wood County, 981 F.2d 225, 228 (5th Cir. 1993). It also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates. Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981)[1]. Significantly, the classification of inmates is an administrative function of the prison. Jones, 636 F.2d at 1376.

---

[1] Overruled on other grounds by International Woodworkers v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986), aff'd sub. nom. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. Smith v. Bingham, 914 F.2d 740, 742 (5th Cir.1990). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir. 1995).

The Fifth Circuit's decision in Jones v. Diamond specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d. at 1374. In this case, Plaintiff and the other inmate were both housed in the "lockdown unit" for disciplinary violations at a small jail in a small town. Moreover, it was determined that the Plaintiff provoked the attack and/or hit first. There is no indication that housing Plaintiff with or near a convicted inmate in this case was arbitrary or indiscriminate.

## 2. Failure to Protect

Again construed broadly, Plaintiff's claim that he was attacked because of his placement near a convicted inmate may include a claim that prison officials unconstitutionally failed to

protect him from harm or attack.  In <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir.1996), the Fifth Circuit concluded that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm during their confinement.  Thus, regardless of whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate.  <u>Hamilton v. Lyons</u>, 74 F.3d 99, 104 n. 3 (5th Cir. 1996); <u>Hare</u>, 74 F.3d at 650.  Prison officials have a duty to protect inmates from harm or violence by other inmates.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994); <u>Hare</u>, 74 F.3d at 650.  To establish a failure-to-protect claim, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).

A convicted prisoner or pretrial detainee may succeed on a claim for damages under 42 U.S.C. §1983 for failure to protect from harm only if he demonstrates that there has been "deliberate indifference" by prison officials or other state actors. Only deliberate indifference, "an unnecessary and wanton infliction of pain ... or acts repugnant to the conscience of mankind,"

constitutes conduct proscribed by the Constitution. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); accord Gregg v. Georgia, 428 U.S. 153, 182-83 (1976); Hare, 74 F.3d at 650. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Plaintiff must allege that a risk of serious harm existed from another inmate and that the defendant possessed a culpable state of mind. Farmer, 511 U.S. at 838. The officer must have the subjective intent to cause harm. Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003). If the court finds that one of the components of the test is not met, it need not address the other component. Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). Plaintiff makes only a conclusory allegation that every official acted with deliberate indifference. However, he does not allege that any of the defendants subjectively intended to cause him harm or knew of any risk to Plaintiff by inmate Levy prior to the attack. There is no factual allegation indicating that prison officials knowingly exposed Plaintiff to a substantial risk of serious harm.

3. **Medical Care**

Plaintiff complains that he had to wait fifteen minutes to see a nurse, twenty minutes to be transported to a hospital in

Pineville, Louisiana, and fifteen additional minutes at the hospital to be examined. [Doc. #9, p.5] He claims that this evinces deliberate indifference by the nurse and other defendants. A delay in medical care can only amount a constitutional violation if there has been a deliberate indifference, resulting in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993). Plaintiff's complaint and amended complaint do not allege deliberate indifference on the part of any of the defendants in delaying his access to care. It is common knowledge that people in the "free world" outside of jail typically have to wait over fifteen or twenty minutes to be seen by a nurse or emergency room physician. Moreover, Plaintiff did not allege that he suffered any substantial harm caused by the "delay" in receiving medical treatment.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted.

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9